# EXHIBIT "B"



**From:** Patrick F. Keery pfk@hkmaz.com
**Subject:** Re: In re Brewer / Buckmaster Proof of Claim
**Date:** November 30, 2015 at 10:57 AM
**To:** Wesley S. Loy wsl@bowwlaw.com
**Cc:** Mollie Thompson mat@hkmaz.com
**Bcc:** PFK MyCaseEmail slg-az-bWsYpjKZ3N@mycasemail.com

Wesley,

Thank you for getting back to me so expeditiously. I spoke with Mr. and Mrs. Brewer and they agreed to the terms below. I will embody these terms in the Notice of Status of Claims that will be filed today. The only caveat (as discussed in my email to you dated November 28, 2015) is that the payment to Mr. Buckmaster is subordinate to those of the parties to the Stipulation. Obviously, if Mr. Buckmaster does not receive his $3,000 settlement payment ("Settlement Payment"), he retains all rights and remedies available to him under state law. Also, please confirm that the satisfaction of judgment would be recorded within thirty (30) days of Mr. Buckmaster's receipt of the Settlement Payment. Thanks.

Very truly yours,

**Patrick F. Keery**
Attorney



3900 East Camelback Road, Suite 135
Phoenix, Arizona 85018
o: 480.478.0709
f: 480.478.0787
www.hkmaz.com

CONFIDENTIALITY NOTICE: This e-mail transmission, and any attachments, may contain confidential information belonging to the sender which is protected by the attorney-client privilege. The information is only for the use of the intended recipient. If you are not the intended recipient, any disclosure, copying, distribution or the taking of any action by you in reliance on the contents of this information is strictly prohibited. Any unauthorized interception of this transmission is illegal under the law. If you have received this transmission in error, please promptly notify the sender by reply e-mail, and then destroy all copies of the transmission.

IRS Circular 230 Disclosure: To comply with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained herein (including any attachments), unless specifically stated otherwise, is not intended or written to be used, and cannot be used, for the purposes of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter herein.



Patrick Keery.vcf

On Nov 30, 2015, at 10:27 AM, Wesley S. Loy <wsl@bowwlaw.com> wrote:

Patrick

As a follow up to our conversation this morning, Mr. Buckmaster is willing to compromise his claim. If I understand your client's offer, it would include the following

1. Debtor's acknowledgment of the amount reflected in the proof of claim by Mr. Buckmaster.
2. A post-petition acknowledgement of the validity and enforceability of this debt by the Debtor and her Husband.
3. If the Manhattan Beach Property is sold, and Mr. Buckmaster receives payment of $3,000 from the property sale proceeds, he will file and record a satisfaction of judgment, relinquishing any further rights under the Judgment.

Please let me know if this is acceptable to your clients.

Wes Loy

---

**From:** Patrick F. Keery [mailto:pfk@hkmaz.com]
**Sent:** Saturday, November 28, 2015 12:32 PM
**To:** Wesley S. Loy <wsl@bowwlaw.com>
**Cc:** Mollie Thompson <mat@hkmaz.com>
**Subject:** In re Brewer / Buckmaster Proof of Claim

Mr. Loy,

I hope you had a pleasant Thanksgiving holiday. I tried to reach you by telephone on Wednesday, but your office appears to have closed early. Our firm represents Deborah Brewer ("**Mrs. Brewer**") in her ongoing Ch. 11 Proceeding (the "**Bankruptcy Proceeding**"). It is my understanding that you represent Edwin Buckmaster ("**Mr. Buckmaster**") who filed a proof of claim in the Bankruptcy Proceeding. This is a settlement communication pursuant to Fed. R. Evid. 408.

We believe that Mr. Buckmaster violated the automatic stay provisions of 11 U.S.C. § 362 by recording the affidavit of renewal of judgment without seeking leave from the Court. Additionally, Mr. Buckmaster's claim has been filed years past the claims bar date entered by the Court. That said, and without waiving our right to object and seek sanctions for the violation, we would like to reach a resolution as to Mr. Buckmaster's claim in the interest of preserving additional legal fees and costs for both parties.

Currently we have a pending stipulation and settlement ("**Stipulation**") before Judge Collins and on Tuesday, December 1, 2015 either the Court will approve the Stipulation or alternatively convert or dismiss the case. I presume the creditors would prefer conversion and believe that Judge Collins would defer to said creditors.

Mrs. Brewer has authorized me to offer for Mr. Buckmaster to receive three thousand dollars ($3,000) ("**Settlement Sum**") as a complete resolution of Mr. Buckmaster's claim. Mr. Buckmaster would be paid the Settlement Sum from the sale of the Manhattan Beach Property

contemplated in the Stipulation after the creditors in the Stipulation have been paid in accordance with the terms therein. If the net proceeds were not sufficient to pay the parties to the Stipulation, Mr. Buckmaster would receive no payment and would preserve his rights to collect from the Debtor and her non-debtor husband, C. Robert Brewer.

I have attached a copy of the Stipulation hereto for your review. Given the impending hearing on Tuesday, time is of the essence. If we can reach an agreement, I will notify the Court and put the agreement onto the record.

I am available to discuss this at any time this weekend on my cell at (480) 707-7036 or on Monday at the office (480) 478-0709 Ext. 102. Thanks.

Very truly yours,

**Patrick F. Keery**
Attorney